BREAUX, C. J.
Plaintiff sought by mandamus to compel the assessor of the parish of St. Helena to cancel and erase from the assessment rolls for the year 1908 the assessment standing against it.
Plaintiff prayed for the reinstatement of the assessment made on the written list ■which it filed with the assessor.
It asked that the proceedings be conducted contradictorily with the state board of equalization and the tax collector, as well as the assessor. All are parties to the suit.
The facts are that as owner of pine timber land it furnished the assessor a classified list for assessment for the year 1908. The amount of its assessment as per this list was $483,396.35.
It was accepted by the assessor as correct in description and amount, and it was used by him in making the assessment.
The police jury, acting as board of reviewers, passed upon this assessment without objection.
The board of equalization ordered the assessors to increase the amount of the assessment made, as just stated.
The notice of the board of equalization to change and increase the amount of the assessment was given over 15 days after the law’s requirement to file the assessment roll in the office of the sheriff and tax collector.
The notice required the assessor to increase the total amount of the assessment of the parish to $400,000.
The assessor attempted to act in accordance with the order of the board of equalization.
Lands classed as B and O on the assessment roll were classified in class A, of a higher grade as to value.
The lands originally were assessed as follows:
11.000 acres, class A, at $17 per acre $187,000
18.000 acres “ B, “ $12 “ “ 210.000
16.000 acres, “ O, “ $ 5 “ “ 80,000
By listing the land in class A, taken from classes B and O, and by the change made after the assessment had been closed, the assessment of plaintiff was increased by $178,704.
There was no partiality shown by the assessing officer. A similar change was made in all assessments, in the determination to comply with the instructions of the board of equalization. But all of this was office work. There was no attempt made to go over the lands and ascertain their value.
*177 There was no notice given to the owners ■of the change made.
The assessor had in the first place complied with section 9 of Act No. 182, p. 834, of 1906.
We have seen that the property had been assessed in three different classes. No change could be made in the manner proposed. It was not possible under the law to do away with the different classes and assess the property indiscriminately. This had the appearance of arbitrariness, and is not characteristic of that system which should be observed in assessing.property.
The testimony is that the first classification of the land was properly made, and that the relative value of each class was about as stated on the roll before the change was attempted. .
To leave this point, we will state that the assessor cannot arbitrarily take a number of acres from classes B and O and place them in class A for assessment. This is not the method authorized by law for the increase, if the case is one in which an increase is necessary to equalize the different assessments.
The statute provides that the assessment .'shall be equalized by adding to the aggregate assessed value such rate per cent, as will raise it to its proper proportionate value, and, ■on the other hand, by deducting from the aggregate assessed value thereof, in parishes in which the board of reviewers believes the valuation to be too high, such rate per cent, as is necessary to equalization.
That was not the method followed in this case; but the assessor, in his desire to comply with the orders of the board as he understood them, made á change so that the assessment was made without regard to the different grades, A, B, and C.
The statute makes it the duty of the state board of reviewers to maintain the several classes of property.
The principle of “separate rates for each class must he maintained.” Section 11, Act No. 182, p. 335, of 1906.
The assessor did not follow the principle of separate rates. It results that the change attempted must be considered as not having been made, and the assessment remains as it was originally returned by the assessor.
Nothing is added to or taken from the assessment roll as made by the officer.
For reasons assigned, the judgment of the district court is ■affirmed.
PROVOSTY, J., takes no part, not having heard the argument.